IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01469-PAB-BNB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RALPH A. WEHRENBERG,

      Defendant.

---

## ORDER FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT RALPH A. WEHRENBERG

---

This matter is before the Court on plaintiff's motion for entry of default judgment against Ralph A. Wehrenberg [Docket No. 42]. Defendant Ralph A. Wehrenberg has not filed a response, nor has any other party to this action.

On January 22, 2007, the Honorable Elaine E. Bucklo, U.S. District Judge for the Northern District of Illinois, entered judgment against Mr. Wehrenberg and in favor of the United States. This judgment was reduced to assessments, which Mr. Wehrenberg did not pay, resulting in liens attaching to all property, real or personal, belonging to Mr. Wehrenberg. Docket No. 42 at 1-2. Plaintiff brought this action to enforce these liens on a piece of real property in Pine, Colorado. Bonnie M. Wehrenberg purchased this property as a nominee for Mr. Wehrenberg. Docket No. 41 at 1. Mr. Wehrenberg did not file a pleading or otherwise defend against this action, and therefore the Clerk of Court entered default against him pursuant to Federal Rule of Civil Procedure 55(a) on July 12, 2010 [Docket No. 39].

Thereafter, on July 22, 2010, the Court entered an order of consent judgment against defendant Bonnie M. Wehrenberg [Docket No. 41].  On August 5, 2010, judgment entered against her [Docket No. 44].  Plaintiff now seeks entry of default judgment against Mr. Wehrenberg to extinguish any interest he has in the subject property.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a) and, second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  *Williams v. Smithson*, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow,* 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate,* 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).

In considering plaintiff's motion pursuant to Rule 55(b), the decision to enter default judgment is "'committed to the district court's sound discretion.'"  *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)).  When exercising that discretion, the Court takes into consideration that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party," *id.*, which serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.

2

Plaintiff has persuaded the Court that it is entitled to such protection in this case.

Ralph Wehrenberg's tax liabilities were judicially determined in a prior action, and he

has not sought relief from the entry of default or otherwise attempted to participate in

this litigation.  Having failed to take part in this action, Mr. Wehrenberg's interest in the

subject properties will be extinguished.  Under the circumstances of this case, the Court

finds that a hearing on the matter, pursuant to Federal Rule of Civil Procedure 55(b)(2),

is not necessary.

Therefore, it is

**ORDERED** that default judgment shall enter in favor of plaintiff and against

defendant Ralph A. Wehrenberg.  It is further

**ORDERED** that the United States tax liens against Ralph A. Wehrenberg on the

parcel of real property (the "Property"), located in Jefferson County, Colorado, and

bearing the following legal description:

> That part of the NW 1/4 of the SE 1/4 of Section 6, Township 7 South,
> Range 71 West of the 6th P.M., described as follows: Beginning at the
> Northeast corner of the NW 1/4 of the SE 1/4 of Section 6, Township 7
> South, Range 71 West of the 6th P.M.; thence S 00 deg. 03 min. 00 sec.
> W 1266.79 feet; thence N 57 deg. 00 min. 56.6 sec. W 541.93 feet;
> thence N 00 deg. 29 min. 18.6 sec. E 233.20 feet; thence N 49 deg. 43
> min. 58.3 sec W 397.49 feet to a point on the Southeasterly right-of-way
> line of Highway 285; thence along said right-of-way line the following
> courses and distances; thence along a curve to the left of radius 1055.00
> feet, the chord of which bears N 36 deg. 58 min. 59 sec. E 140.97 feet;
> thence N 33 deg. 11 min. E 157.70 feet; thence N 31 deg. 39 min. E
> 68.00 feet; thence N 33 deg. 38 min. E 164.20 feet; thence along a curve
> to the right of radius of 718.60 feet a distance of 46.1 feet; thence leaving
> said right of way N as deg. 29 min. E 433.95 feet, more or less, to the
> Point of Beginning, County of Jefferson, State of Colorado.

are foreclosed.  It is further

**ORDERED** that the Internal Revenue Service is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer the Property for public sale to satisfy those liens, as follows:

1.  The United States Marshal for the District of Colorado, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property.  The United States may choose either the United States Marshal or PALS to carry out the sale under this order and shall make arrangements for any sale as set forth in this order.

2.  The Marshal, his representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the real property, until the deed of the Property is delivered to the ultimate purchaser.

3.  The terms and conditions of the sale are as follows:

a.  The sale of the Property shall be by public auction to the highest bidder, free and clear of the interests of Ralph A. Wehrenberg and Bonnie M. Wehrenberg;

b.  The sale shall be subject to building liens, if established, all laws, ordinances and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

4

c.  The sale shall be held at the courthouse or city in which the Property is located, on the Property's premises, or at any other place designated in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d.  The date and time for the sale are to be announced by the United States Marshal, his representative, or a PALS;

e.  Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Jefferson County, Colorado and, at the discretion of the Marshal, his representative, or a PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Property and the terms and conditions of sale provided in this order;

f.  The minimum bid will be set by the Internal Revenue Service for the Property.  If the minimum bid is not met or exceeded, the Marshal, his representative, or a PALS may sell the Property to the highest bidder at the original sale or, without further permission of this Court and under the terms and conditions in this order, shall hold a new public sale, if necessary, and reduce the minimum bid;

g.  The successful bidder(s) shall be required to deposit at the time of the successful bid a minimum of ten percent of the bid with the Marshal, his representative, or a PALS, with the deposit to be made by certified or cashier's check payable to the United States District Court for the District of Colorado.  The recipient of the funds, on the next business day after the receipt of the deposit, shall deposit the same with the United States District Court for the District of Colorado with regard to the above-captioned case.  Before being permitted to bid at the sale, bidders shall display to the

Marshal, his representative, or a PALS representative proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

h.   The balance of the purchase price for the Property is to be paid to the Marshal, his representative, or a PALS, within thirty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado.  The recipient of the funds, on the next business day after the receipt of the balance of the purchase price, shall deposit the same with the United States District Court for the District of Colorado with regard to the above-captioned case.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Ralph A. Wehrenberg at issue herein.  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its liens without tender of cash;

i.   The sale of the Property shall be subject to confirmation by this Court. The Marshal, his representative, or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within thirty days from the date of receipt of the balance of the purchase price;

j.   On confirmation of the sale, the Marshal, his representative, or a PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

6

k.  On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

l.  On confirmation of the sale, the recorder of deeds in Jefferson County, Colorado shall cause transfer of the Property to be reflected upon that county's register of title.  The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law; and

m.  The sale is ordered pursuant to 28 U.S.C. § 2001 and is made without right of redemption.

4.  Until the Property is sold, Ralph A. Wehrenberg shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property.  He shall neither commit waste against the property nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so.

5.  All persons occupying the Property shall leave and vacate the Property permanently within thirty days of the date of this order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the

Property). If any person fails or refuses to leave and vacate the Property by the time specified in this order, the United States Marshals Service, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, even if the sale of such property is being conducted by a PALS. The Marshal may apply to the Court for such writs as are necessary to effect possession of the Property. Any eviction shall be by order of the Court on application and notice to the persons on the premises. When the Marshal concludes that all unauthorized persons have vacated, or have been evicted from the Property, he shall relinquish possession and custody of the Property to the Internal Revenue Service or its designee. Unauthorized persons who re-enter the Property during the time this order is in effect are trespassers and may be subject to prosecution.

6. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the Marshal, his representative, or PALS is authorized to remove it and to dispose of it in any manner he deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be paid into the Court for further distribution.

7. The proceeds arising from the sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in order to be specified:

a. First, to the United States Marshal or the PALS (whichever conducted the sale arranged by the United States) for the costs of the sale;

8

b.  Second, to all taxes unpaid and matured that are owed to Jefferson County, Colorado, for the real property taxes on the Property;

b.  Third, to Bonnie M. Wehrenberg in the amount of $23,000.00;

c.  Fourth, to the United States of America to be applied to the federal income tax liabilities of Ralph A. Wehrenberg, plus all interest and penalties due and owing thereon; and

e.  Finally, any balance remaining after the above payments shall be held by the Clerk pending further order of the Court.


DATED January 11, 2011.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge